14-4442-ag
Li v. Sessions

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

DIANHUA LI,

*Petitioner*,

v.                                                          No. 14-4442-ag

JEFF SESSIONS, UNITED STATES ATTORNEY GENERAL,

*Respondent.**

APPEARING FOR PETITIONER:       GALAB B. DHUNGANA, Esq., New York, New York.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

APPEARING FOR RESPONDENT: ROBERT MICHAEL STALZER, Trial Attorney *for* Benjamin C. Mizer, Principal Deputy Assistant Attorney General (Julie M. Iversen, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA order entered on November 4, 2014, is VACATED, and the matter is REMANDED for further proceedings.

Petitioner Dianhua Li, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Dianhua Li,* No. A200 740 425 (B.I.A. Nov. 4, 2014), *aff'g* No. A200 740 425 (Immig. Ct. N.Y.C. Jan. 31, 2013). Under the circumstances of this case, we review both the IJ's and BIA's decisions "for the sake of completeness," *Wangchuck v. U.S. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to grant the petition, vacate, and remand.

Li seeks review of the agency's decision that he failed to demonstrate past persecution. To make such a showing, Li could not rely solely on his wife's alleged

forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–10 (2d Cir. 2007). Rather, Li had to demonstrate that he himself (1) engaged in "other resistance" to China's coercive family planning policy and (2) thereby suffered harm rising to the level of persecution. *See* 8 U.S.C. § 1101(a)(42); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d at 313. Li asserts that he carried this burden by testifying that he was arrested and beaten by police when he tried to prevent his wife from being taken for an abortion.

Although we have "never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*," *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011), "[w]here, as here, a petitioner was arrested and detained on account of some protected ground and is subjected to physical abuse, mistreatment, or degradation at the hands of arresting officials, the BIA and individual IJs must be sensitive to the obvious reality that such detention and physical mistreatment are usually correlative, not coincidental," *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). Even "a minor beating or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.* (internal quotation marks omitted).

It is not apparent from the record that the agency considered Li's beating—which resulted in muscle contusions and swelling requiring two weeks' rest—in light of our holding in *Beskovic*. *See id.* (noting that mere mistreatment "can take on an entirely different character when officially inflicted on an individual while detained on account of

3

protected grounds"). Rather, the BIA denied relief based on two cases that are factually distinguishable. Specifically, in *Jian Qiu Liu v. Holder*, there was "no evidence that the family planning officials who physically attacked" the petitioner when taking his wife for a forced abortion "had any intention of arresting or detaining him," 632 F.3d at 822; nor was there any indication that the petitioner was beaten while detained, *id.* As for *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192 (2d Cir. 2005), *Beskovic* dismissed as *dictum* its statement that "'minor beatings and brief detention . . . do not amount to political persecution'" because the petitioner in *Ai Feng Yuan* was *not* beaten while detained. *Beskovic v. Gonzales*, 467 F.3d at 226 n.3 (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d at 198).

Accordingly, we remand this case so that the agency can consider Li's petition for relief in light of *Beskovic*. In so doing, we express no view regarding the appropriate disposition.

For the foregoing reasons, the petition for review is GRANTED, the BIA order is VACATED, and the matter is REMANDED for further proceedings consistent with this order. Because we vacate the BIA's order, Li's pending motion to stay the order of removal is DENIED as moot.

<div style="margin-left: 40%;">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

</div>